UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SHERELYNN LEHMAN**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**CALLS AFTER HOURS, LLC**, a New Jersey limited liability company,<br><br>*Defendant*. | Case No.: 1:18-cv-2601-SO<br><br>**JUDGE SOLOMON OLIVER, JR.** |

**PLAINTIFF'S EX-PARTE MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY PRIOR TO RULE 26(F) CONFERENCE**

**I.   Procedural Background**

Plaintiff Sherelynn Lehman, ("Lehman" or "Plaintiff") individually and on behalf of all other persons similarly situated, by and through her attorneys, respectfully submits this Motion for Leave to Conduct Limited Discovery Prior to a Rule 26(f) Conference. Plaintiff's Motion is based on the following Memorandum in Support.

On November 12, 2018, Plaintiff filed this class action lawsuit seeking damages and injunctive relief against Calls After Hours, LLC ("Calls After Hours" or "Defendant") pursuant to the Telephone Consumer Protection Act, 42 U.S.C. § 227, *et seq.* ("TCPA"). [Dkt No. 1]. On November 14, 2018, Plaintiff attempted to serve Defendant's registered agent with a summons and a copy of Plaintiff's Original Class Action Complaint by personal service, but Plaintiff's process server was informed that Defendant's agent was no longer located at the address registered with the New Jersey Secretary of State. New Jersey law requires a limited liability

company, such as Defendant to "designate and continuously maintain...an agent for service of process." NJ § 42:2C-14(a)(2). On November 15, 2018, Plaintiff attempted to reach out to Defendant via email, seeking an agreement to waive formal service of process. Defendant never responded to Plaintiff's November 15, 2018 inquiry.

Despite Defendant's failure to continuously maintain an agent for service of process, Plaintiff used reasonable diligence to find an alternative address for Defendant's agent. Thereafter, on February 11, 2019, Plaintiff filed a praecipe with the Clerk's office, seeking to have an alias summons issued with the updated address. [Dkt. No. 3]. That same day, the alias summons was issued by the Clerk. [Dkt. No. 4]. Thereafter, Plaintiff served Defendant's registered agent at the alternative address with a summons and a copy of Plaintiff's Original Class Action Complaint by personal service on February 13, 2019. [Dkt. No. 5]. Plaintiff filed the Executed Return of Service on February 14, 2019. *Id.* Defendant was required to file an answer or responsive pleading on or before March 6, 2019. On March 19, 2019, Plaintiff filed a Request to the Court Clerk for Entry of Default Pursuant to Fed. R. Civ. P.55(a). [Dkt. No. 6]. On March 25, 2019 the Clerk's office entered a default against Calls After Hours. [Dkt. No. 7].

As Defendant has failed to appear in this litigation or to respond to any communication from Plaintiff's counsel, it is impossible to schedule and hold a Rule 26(f) Conference at this time.

II.     **Summary of Information Sought**

Plaintiff seeks to serve three narrowly tailored subpoenas – two on the internet service providers (ISPs) identified as hosting websites identified in the complaint, and one on a telecom company identified as the service provider for a toll-free number identified in the complaint.

[Dkt. 1 ¶ 23].[1] The two websites, as well as the toll-free numbers, are identified in the complaint as likely belonging to, or utilized by, Defendant. *Id.*

Plaintiff intends to serve limited scope subpoenas on the relevant entities (1&1, GoDaddy, and Bandwidth) seeking documents sufficient to identify the name and address of the owner of the two websites in question and the subscriber of telephone number 800-409-9027, as of April 20, 2018, the date that the allegedly violative fax was sent to Plaintiff. *Id.* at ¶19. Drafts of the proposed subpoenas are attached as Exhibits 1-3 to this memorandum. Plaintiff seeks this information to assist in determining whether she needs to amend her complaint to add additional parties to the litigation.

## III.     Argument

Fed. R. Civ. P. 26(d) provides generally that discovery may not begin prior to the Rule 26(f) conference. However, Rule 26(d) also provides that expedited discovery may be conducted prior to that conference when authorized by court order. Consequently, a district court has the discretion to permit discovery prior to a Rule 26(f) conference. *Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) (citing *Qwest Comm. Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)); *Arista Records, LLC v. Does 1-15*, 2:07-cv-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). Courts within the Sixth Circuit require a showing of good cause in order to authorize expedited discovery. *See Arista Records*, 2007 WL 5254326, at *2; *Best v. Mobile Streams, Inc.*, 1:12-cv-00564, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012).

---

[1] 1&1 Internet SE ("1&1") is identified as the registrar for http://answerallmycalls.com while GoDaddy.com, LLC ("GoDaddy") is identified as the registrar for http://www.callsafterhours.com/. Bandwidth Inc. ("Bandwidth") is identified as the telecom provider for 800-409-9027.

3

The party seeking expedited discovery bears the burden of demonstrating good cause. *Qwest*, 213 F.R.D. at 419. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records*, 2007 WL 5254326, at *2. In determining whether good cause exists, the Court will consider whether evidence may be lost or destroyed with time and whether the scope of the proposed discovery is narrowly tailored. *See Caston v. Hoaglin*, Civ. No. 2:08-cv-200, 2009 WL 1687927, at *2 (S.D. Ohio June 12, 2009). Finally, the scope of the requested discovery is also relevant to a good cause determination. *Lemkin*, 2009 WL 1542731, at *2 (citation omitted).

Plaintiff has clearly met that burden here, as the information sought is narrowly tailored, solely within the possession of those third-parties, and will inform whether Plaintiff needs to amend her complaint to add additional parties to the litigation.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant her Motion for Leave to Conduct Limited Discovery Prior to a Rule 26(f) Conference.

Respectfully submitted,

**SHERELYNN LEHMAN**, individually and on behalf of all others similarly situated

Dated: April 3, 2019					By:   /s/Adam T. Savett
						One of Plaintiff's Attorneys

Adam T. Savett (VA73387)
**SAVETT LAW OFFICES LLC**
2764 Carole Lane
Allentown Pennsylvania 18104
Telephone: (610) 621-4550
Facsimile: (610) 978-2970
E-mail: adam@savettlaw.com

*Attorneys for Plaintiff and the Putative Classes*

4

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing Motion for Leave to Conduct Limited Discovery Prior to a Rule 26(f) Conference was filed electronically on April 3, 2019, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all properly registered parties by operation of the Court's electronic case filing system and a copy of the foregoing document was also sent via first class mail, postage prepaid, to:

>Calls After Hours, LLC
>c/o Victoria Rosado
>27 Moeser Place
>Old Tappan NJ 07675-7327

>/s/ *Adam T. Savett*
>Adam T. Savett
>*Attorney for Plaintiff*