# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **SHERELYNN LEHMAN**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**CALLS AFTER HOURS, LLC**, a New Jersey limited liability company,<br><br>*Defendant.* | Case No.: 1:18-cv-2601-SO<br><br>**JUDGE SOLOMON OLIVER, JR.** |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND FOR LEAVE TO TAKE DISCOVERY PRIOR TO ENTRY OF FINAL JUDGMENT

Pursuant to Federal Rules 23 and 55, Plaintiff Sherelynn Lehman, ("Lehman" or "Plaintiff") requests that the Court (1) certify the two Classes identified in the complaint and (2) grant Plaintiff leave to take discovery to identify members of the Classes and determine the amount of damages they are entitled to prior to the entry of final judgment.

**A.      Background and Procedural History**

      **1.      *The Nature and Filing of the Case***

On November 12, 2018, Plaintiff filed a class action complaint against Defendant Calls After Hours, LLC ("Calls After Hours" or "Defendant") [ECF No.1]. In her complaint, Plaintiff asserts two claims under the Telephone Consumer Protection Act, 42 U.S.C. § 227, *et seq.* ("TCPA"). The first claim is for violations of the TCPA's prohibitions against faxing, or having an agent fax, advertisements without the recipient's prior express consent, invitation, and permission. 47 U.S.C. § 227(b)(1)(C). The second claim if for violations of the TCPA's

requirements that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains information regarding a recipient's right to not receive faxed advertisements, instructions on how to opt out of future transmissions, and informing recipients of the sender's obligation to comply with opt-out requests within a reasonable time. 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii). Plaintiff is seeking both statutory damages and injunctive relief. Pursuant to Federal Rules 23(b)(2) and 23(b)(3), Plaintiff seeks to certify Classes of similarly situated individuals in connection with both claims.

2. ***Service of Summons on Defendant***

On November 14, 2018, Plaintiff attempted to serve Defendant's registered agent with a summons and a copy of Plaintiff's Original Class Action Complaint by personal service, but Plaintiff's process server was informed that Defendant's agent was no longer located at the address registered with the New Jersey Secretary of State. New Jersey law requires a limited liability company, such as Defendant to "designate and continuously maintain...an agent for service of process." NJ § 42:2C-14(a)(2). On November 15, 2018, Plaintiff attempted to reach out to Defendant via email, seeking an agreement to waive formal service of process. Defendant never responded to Plaintiff's November 15, 2018 inquiry.

Despite Defendant's failure to continuously maintain an agent for service of process, Plaintiff used reasonable diligence to find an alternative address for Defendant's agent. Thereafter, on February 11, 2019, Plaintiff filed a praecipe with the Clerk's office, seeking to have an alias summons issued with the updated address. [ECF No. 3]. That same day, the alias summons was issued by the Clerk. [ECF No. 4]. Thereafter, Plaintiff served Defendant's registered agent at the alternative address with a summons and a copy of Plaintiff's Original Class Action Complaint by personal service on February 13, 2019. [ECF No. 5]. Plaintiff filed

the Executed Return of Service on February 14, 2019. Defendant was required to file an answer or responsive pleading on or before March 6, 2019.

On March 19, 2019, Plaintiff moved for entry of a clerk's default [ECF No. 6]. On March 25, 2019, the clerk entered a default as to Defendant [ECF No. 7]. Thereafter, on April 3, 2019, Plaintiff filed a motion seeking leave of Court to conduct limited discovery prior to holding a Rule 26(f) Conference [ECF No. 8]. The Court granted Plaintiff's motion on April 17, 2019, and Plaintiff served the proposed subpoenas.

As a result of Defendant's default, Plaintiff now requests that the Court certify the two Classes alleged in the complaint, and requests leave to conduct discovery to identify members of the Classes and determine the amount of damages they are entitled to. *See Jackson v. Paycron Inc.*, Case No. 8:19-CV-00609-WFJ-AAS, 2019 U.S. Dist. LEXIS 80325 (M.D. Fl. May 13, 2019) (conditionally certifying a class under the TCPA and ordering limited discovery to identify the members of the class and determine classwide and per class member damages).

**B.**          <u>**The Court Should Certify the Classes**</u>

As a threshold matter, entry of default does not alter the Court's analysis for class certification, where, as here, Plaintiff has not moved for default judgment against the Defendant. Certification under Rule 23 remains a necessary procedural requirement in order for the class to recover damages. The prerequisites imposed by Rule 23 serve "the important function of protecting absent class members whose rights may be affected by the class certification." *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir.2003) (*citing Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir.1974)). As such, "relief cannot be granted to a class before an order has been entered determining that class treatment is proper." *Romney*, 490 F.2d at 1366. The Court must first determine whether class certification is appropriate before it may decide whether to enter a

default judgment in favor of the entire class. "These two questions must be addressed in this order because absent class certification, no default as to the (nonexistent) class can be made." *Brown v. City of Detroit*, No. 10-12162, 2012 WL 4470433, at *8 (E.D. Mich. Sept. 27, 2012).

In cases in which the district courts have entered a default judgment against a defendant and no class has been certified, only named plaintiffs can recover damages. *See Partington v. Am Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir.2006) (holding that class members could not use a default judgment to establish that class members as a whole were judgment creditors when the district court never formally certified the class); *Hutchins*, 321 F.3d at 648–49 (holding that the district court improperly awarded class damages when no class had been certified); *See Davis v. Precise Commc'n Servs., Inc.*, No. 1:07–CV–3128–JOF, 2009 WL 812276, at *1-2 (N.D. Ga. Mar. 27, 2009) (holding that default judgment on behalf of uncertified class was inappropriate). *Aleobua v. United Wellness Cmty., LLC*, 2:14-cv-12932, 2014 WL 6085692, at *1 (E.D. Mich. Nov. 13, 2014) (same).

In the present case, Calls After Hours has defaulted, but Plaintiff has not requested, and the Court has not yet entered default judgment against it. Therefore, the Court may consider the pending motion for class certification.

Once a default has been entered by the clerk, all of Plaintiff's well-pleaded allegations are deemed admitted. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). This doctrine extends to specific allegations relating to the prerequisites for class certification under Federal Rule 23. *See Amadi v. Ace Homecare, LLC*, No. 8:17-cv-02191-T-02JSS, 2019 U.S. Dist. LEXIS 52375, at *3-4 (M.D. Fla. Mar. 28, 2019); *Duncan v. Sabal Palms I Assocs., Ltd.*, No. 89-3 CIV-FtM-10(A), 1990 U.S. Dist. LEXIS 21077, at *2-7 (M.D. Fla. June 7, 1990) (certifying class action based on the plaintiff's allegations in the complaint that were, in effect,

4

admitted by the defaulted defendant). *See also Skeway v. China Natural Gas, Inc.*, 304 F.R.D. 467, 472 (D. Del. 2014) (certifying class after an entry of default but before entry of default judgment).

### 1. The Classes are Ascertainable

Pursuant to Federal Rule 23(b)(2) and 23(b)(3), Plaintiff seeks certification of the following two classes:

> **No Consent Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received a telephone facsimile advertisement, (iii) sent by, or on behalf of, Calls After Hours, (iv) for whom Calls After Hours did not have a record of prior express consent to send the facsimile advertisements at the time they were sent.

> **Opt-Out Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received an unsolicited telephone facsimile advertisement, (iii) sent by, or on behalf of, Calls After Hours, (iv) for whom Calls After Hours did not have a record of prior express consent to send the facsimile advertisements at the time they were sent, (v) where such facsimile advertisement failed to contain the required opt-out notice.

The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Calls After Hours, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Calls After Hours or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

A class definition is sufficient if class membership is defined by "objective criteria." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012). Objective criteria may include a defendant's business records. *See Cowit v. CitiMortgage, Inc.*, No. 1:12-cv-869, 2013

WL 940466, *3 (S.D. Ohio March 8, 2013). In *Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 757 F.3d 540, 545 (6th Cir. 2014), the Sixth Circuit affirmed a TCPA class of persons "sent" faxes as "ascertainable." In *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 526 (6th Cir. 2015), the Sixth Circuit clarified that "ascertainability" means only that a class is "defined by objective criteria" and a class of persons "who purchased [a product] in California, New Hampshire, Illinois, North Carolina, or Florida" was objectively defined. The Sixth Circuit followed *Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. July 28, 2015), in rejecting the Third Circuit's "heightened" ascertainability approach, which requires the plaintiff to prove a "'reliable' and 'administratively feasible' method for identifying the class members." *Rikos*, 799 F.3d at 525 (citing *Carrera v. Bayer Corp.*, 727 F.3d 300 (3d Cir. 2013)). The Sixth Circuit refused to adopt an "identification" element because it would allow a "systemic failure" in a defendant's "records management" to defeat class certification and "undermine the very purpose of class action remedies." *Id.*

The proposed Class definitions are "defined by objective criteria" of having been sent a specific fax during a specific time frame, rather than by subjective criteria, such as how the class members feel about having been sent a fax. This is all that is required for "ascertainability" in the Sixth Circuit.

## 2. The Rule 23(a) Factors are Satisfied

### a. Numerosity

Rule 23(a)'s first prerequisite, numerosity, is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[N]o strict numerical test exists," and the exact number of class members need not be pleaded or proved. *Young*, 693 F.3d at 538; *Golden v. City of Columbus*, 404 F.3d 950, 965-66 (6th Cir. 2005). There is no exact

number that satisfies numerosity, but the Sixth Circuit has held a class of 35 was sufficiently large to merit certification. *Afro Am. Patrolmen's League v. Duck*, 503 F.2d 294 (6th Cir. 1974). The focus "is not on numbers alone but on whether joinder of all members is practicable." *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006). Plaintiff bears the burden of showing that joinder is impracticable. *Golden*, 404 F.3d at 966.Rule 23(a)(1) does not require that joinder be impossible, but only that it be "difficult or inconvenient." *Rumpke v. Rumpke Container Serv.*, Inc., 2205 F.R.D. 204, 207 (S.D. Ohio 2001). Here, Plaintiff alleges, and discovery will show, that Defendant caused faxes to be sent en masse to hundreds or thousands of consumers. [ECF No 1, Compl. ¶ 26]. In support of certification of the classes, Plaintiff has alleged facts sufficient to satisfy Rule 23's requirements, and Defendant has admitted each of these facts, due to their failure to respond to the Complaint. As such, the proposed Classes satisfy the numerosity requirement.

### b. Commonality

Commonality requires "questions of law or fact common to the class." There need be only "a single issue common to all members of the class." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). This requirement is less demanding than Rule 23(b)(3) "predominance." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1997). Commonality is generally met where a defendant has engaged in standardized conduct across the class. *Id.* Here, Defendant's standardized conduct gives rise to the following common questions:[1]

**No Consent Class:**

a.    How Calls After Hours gathered, compiled, or obtained the fax numbers of Plaintiff and the No Consent Class;

---

[1] *See* ECF No 1, Compl. ¶ 28.

b.      Whether Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

c.      Whether Calls After Hours sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior express consent to do so;

d.      Whether Calls After Hours sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior permission or invitation to do so; and

e.      Whether Defendant's conduct was willful such that Plaintiff and the No Consent Class are entitled to treble damages.

**Opt-Out Class:**

a.      Whether Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

b.      Whether Defendant's faxes complied with the opt-out notice requirements of 47 U.S.C. § 227(b)(1)(C)(iii), and the regulations promulgated thereunder; and

c.      Whether Defendant's conduct was willful such that Plaintiff and the Opt-Out Class are entitled to treble damages.

In support of certification of the classes, Plaintiff has alleged facts sufficient to satisfy Rule 23's requirements and Defendant has admitted each of these facts, due to their failure to respond to the Complaint. Each of these issues can be resolved in one fell swoop as to the entire class. Therefore, the "commonality" requirement is satisfied.

### c.  Typicality.

Rule 23(a)(3) typicality is met if the plaintiff's claims are based on the same facts and legal theory as the rest of the class. *In re Am. Med. Sys.*, 75 F.3d at 1082. Typicality is satisfied here because each class member's claims are based on the same facts and legal theory. *Wagner*

*Wellness*, 2014 WL 6750690, at \*6; *Doctor Diabetic*, 2014 WL 7366255, at \*6. In support of certification of the classes, Plaintiff has alleged facts sufficient to satisfy Rule 23's requirements,[2] and Defendant has admitted each of these facts, due to their failure to respond to the Complaint.

### d. Adequacy of Representation.

Rule 23(a)(4) requires that the class representative "fairly and adequately protect the interests of the class." Adequacy requires "(1) the representative must have common interest with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interest of the class through qualified counsel." *In re Am. Med. Sys.*, 75 F.3d at 1083.

This factor requires that both a proposed class representative and class counsel have the ability to zealously represent and advocate on behalf of the class as a whole. *Stanich v. Travelers Indem. Co.*, 249 F.R.D. 506, 524 (N.D. Ohio 2008). The proposed class representative must not have interests that fundamentally conflict with other members of the class, and must have a sufficient interest in the outcome of the case to ensure vigorous advocacy. *Id.* Additionally, proposed class counsel must be competent and have the resources necessary to sustain the complex litigation necessitated by class claims. *Id.*

In this case, Plaintiff has the same interests as the members of the proposed Classes. They each received unsolicited faxes from Defendant or its agents as a result of Defendant's uniform course of conduct [ECF No. 1, Compl. ¶¶ 28-30). Thus, Plaintiff suffered the same injury, has the same claims, and has no interests antagonistic to the interests of any of the Class Members.

---

[2] *See* ECF No 1, Compl. ¶¶ 19, 27, 33-38, 40-44.

*Id.* Plaintiff will fairly and adequately protect the interests of the Classes, and Plaintiff's pursuit of this action demonstrates as much. *Id.*

Similarly, proposed class counsel are well-respected members of the legal community who have extensive experience in class actions of similar size, scope, and complexity to the instant action. Counsel are deeply familiar with the TCPA and have regularly engaged in major complex litigation involving the TCPA and class action issues. Counsel also have the resources necessary to conduct litigation of this nature. Plaintiff and her counsel have represented and will continue to adequately represent the Classes. Plaintiff has alleged facts sufficient to satisfy Rule 23's requirements,[3] and Defendant has admitted each of these facts, due to their failure to respond to the Complaint. Therefore, Rule 23's adequacy prerequisite is met as well.

### 3. The Rule 23(a) Factors are Satisfied

Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over questions affecting only individual members of the class." Predominance is easily satisfied in TCPA fax class actions where "common questions are at the heart of th[e] litigation," namely, "whether Defendants violated the TCPA by sending the faxes with the improper 'opt-out' information to every class member." *Wagner Wellness*, 2014 WL 6750690, at *6; *Siding & Insulation Co.*, 2012 WL 1425093, at *5.

Class certification is also the "superior" method of adjudication here. In *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 545 (6th Cir. 2012), the Sixth Circuit held, "Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device." That is exactly the case here. Moreover, the

---

[3] *See* ECF No 1, Compl. ¶ 29.

Supreme Court's ruling in *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753 (2012), provides for TCPA claims to be in federal court and in the form of a class action.

A class action is routinely recognized to be a superior method of adjudicating mass TCPA violations. *See Doctor Diabetic*, 2014 WL 7366255, at *9 ("Congress expressly created the TCPA as a 'bounty' statute to increase the incentives for private plaintiffs to enforce the law."). Private class actions are vital to effective enforcement. As the Seventh Circuit recently stressed, "[a] class action, like litigation in general, has a deterrent as well as a compensatory objective." *Hughes v. Kore of Ind. Enters., Inc.*, 731 F.3d 672, 677 (7th Cir. 2013); see also *Turza*, 728 F.3d at 688 (holding TCPA's private right of action exists so "recipients need not depend on the FCC" for enforcement). If "only a small number of plaintiffs found it worth their while to bring suit or were aware of their rights under the TCPA, this small turnout would serve only to frustrate the intent of the TCPA and to protect junk fax advertisers from liability." *Critchfield Physical Therapy v. Taranto Grp., Inc.*, 263 P.3d 767, 780 (Kan. 2011).

In support of certification of the Classes, Plaintiff has alleged facts sufficient to satisfy Rule 23's requirements,[4] and Defendant has admitted each of these facts, due to their failure to respond to the Complaint.

The Court should therefore certify the Classes.

**C.**     **The Court Should Grant Plaintiff Leave to Take Discovery**

Pursuant to Federal Rule 55(d)(2): "The court may conduct hearings or make referrals - preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

---

[4] *See* ECF No 1, Compl. ¶ 31.

11

Discovery is needed to identify recipients of Defendant's TCPA violative faxes, and to determine the total number of facsimile messages each Class member received so that statutory damages of $500 per call[5] can be determined on a Classwide and per Class member basis.

Accordingly, Plaintiff requests leave to take discovery to identify members of the Classes and to determine damages as contemplated by Rule 55(d)(2). Specifically, Plaintiff seeks to serve third party subpoenas on Defendant's officer and registered agent, Victoria Rosado, as identified by Defendant's corporate filings with the New Jersey Secretary of State, in an effort to obtain call logs from them or identify any third party that would have access to information regarding Defendant's TCPA violative faxes.

## CONCLUSION

For these reasons, Plaintiff requests that the Court certify the Classes, grant leave to take discovery, and provide such further relief as is just and proper.

Respectfully submitted,

**SHERELYNN LEHMAN**, individually and on behalf of all others similarly situated

Dated: July 17, 2019

by:  ___/s/Adam T. Savett_____
    One of Plaintiff's Attorneys

Adam T. Savett (VA73387)
**SAVETT LAW OFFICES LLC**
2764 Carole Lane
Allentown Pennsylvania 18104
Telephone: (610) 621-4550
Facsimile: (610) 978-2970
E-mail: adam@savettlaw.com

*Attorneys for Plaintiff and the Putative Classes*

---

[5] To the extent Defendant's misconduct is determined by the Court to be willful, statutory damages may be trebled under 47 U.S.C. § 227(b)(3).

12

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing Plaintiff's Motion for Class Certification and for Leave to Take Discovery Prior to Entry of Final Judgment was filed electronically on July 17, 2019, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all properly registered parties by operation of the Court's electronic case filing system and a copy of the foregoing document was also sent via first class mail, postage prepaid, to:

> Calls After Hours, LLC
> c/o Victoria Rosado
> 27 Moeser Place
> Old Tappan NJ 07675-7327

> /s/ *Adam T. Savett*
> Adam T. Savett
> *Attorney for Plaintiff*

13