## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **SHERELYNN LEHMAN**, individually and on behalf of all others similarly situated, | Case No.: 1:18-cv-2601-SO |
| *Plaintiff*, | **JUDGE SOLOMON OLIVER, JR.** |
| *v.* | |
| **CALLS AFTER HOURS, LLC**, a New Jersey limited liability company, | |
| *Defendant*. | |

## ORDER GRANTING CONDITIONAL CLASS CERTIFICATION

The court, having received the proposed order filed by Plaintiff on August 7, 2019 finds it well taken in all respects.  Thus, it hereby adopts it as its own.

For the reasons explained below, the Court conditionally grants certification of two classes of consumers that received unsolicited telemarketing faxes made by, or on behalf of, Defendant subject to Plaintiff obtaining evidence sufficient to (1) identify members of the classes for purposes of effectuating class notice and (2) determine classwide and per class member damages prior to the entry of final judgment.

## BACKGROUND

On November 12, 2018, Plaintiff filed a class action complaint against Defendant, asserting two claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227. One claim was for violation of the TCPA's prohibition against faxing, or having an agent fax, advertisements without the recipient's prior express consent, invitation, and permission. The second claim was for violation of the TCPA's requirements that senders of faxed advertisements

place a clear and conspicuous notice on the first page of the transmission that contains

information regarding a recipient's right to not receive faxed advertisements, instructions on how

to opt out of future transmissions, and informing recipients of the sender's obligation to comply

with opt-out requests within a reasonable time.

On February 13, 2019, Plaintiff effected service of process on Defendant by serving its

registered agent. See return of service [D.E. 5].

On March 19, 2019, 13 days after Defendant was required to respond to the complaint,

Plaintiff moved for entry of a clerk's default [D.E. 6]. On March 25, 2019, the clerk entered a

default as to Defendant [D.E. 7].

## LEGAL STANDARD FOR DEFAULT CLASS CERTIFICATION

"[A] clerk's entry of default does not change the analysis that a district court must

undertake in deciding whether to certify a class because any other conclusion might give

defendants an incentive to default in situations where class certification seems likely. To that

end, certification under Rule 23 remains a procedural requirement for a class to recover damages.

A court may therefore only certify a class action if the court is satisfied, after a rigorous analysis,

that the prerequisites of Federal Rule of Civil Procedure 23 have been met." *Saade v. Insel Air*,

No. 17-22003-Civ-WILLIAMS/TORRES, 2019 U.S. Dist. LEXIS 59189, at *4 (S.D. Fla. Apr. 4,

2019) (internal annotations omitted).

There are four prerequisites for class certification under Federal Rule 23(a): numerosity,

commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a); *Amchem

Prods. Inc. v. Windsor*, 521 U.S. 591, 613 (1997). In addition, Plaintiff must establish that one or

more of the grounds for maintaining the suit as a class action are met under Rule 23(b). Plaintiff

seeks certification under Rule 23(b)(3), which requires (1) predominance of the questions of law

or fact common to the members of the class over any questions affecting only individual

members; and (2) superiority of a class action for the fair and efficient adjudication of the

controversy. *See Amchem*, 521 U.S. at 625.

Once a default has been entered by the clerk, all of Plaintiff's well-pleaded allegations are

deemed admitted. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). This

doctrine extends to specific allegations relating to the prerequisites for class certification under

Federal Rule 23. *See Amadi v. Ace Homecare, LLC*, No. 8:17-cv-02191-T-02JSS, 2019 U.S.

Dist. LEXIS 52375, at *3-4 (M.D. Fla. Mar. 28, 2019); *Duncan v. Sabal Palms I Assocs., Ltd.*,

No. 89-3 CIV-FtM-10(A), 1990 U.S. Dist. LEXIS 21077, at *2-7 (M.D. Fla. June 7, 1990)

(certifying class action based on the plaintiff's allegations in the complaint that were, in effect,

admitted by the defaulted defendant). *See also Skeway v. China Natural Gas, Inc.*, 304 F.R.D.

467, 472 (D. Del. 2014) (certifying class after an entry of default but before entry of default

judgment).

### FINDINGS

Based on Plaintiff's well-pleaded allegations of fact, which are deemed admitted as a

result of Defendant's default, and as further explained below, the Court finds that each of the

prerequisites for class certification is satisfied and conditionally certifies the following classes

pursuant to Fed. R. Civ. P. 23(b)(3):[1]

> **No Consent Class**: All persons and entities who (i) in the four years preceding
> the filing of this action, (ii) received a telephone facsimile advertisement, (iii) sent

---

[1] The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

by, or on behalf of, Calls After Hours, (iv) for whom Calls After Hours did not have a record of prior express consent to send the facsimile advertisements at the time they were sent.

**Opt-Out Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received an unsolicited telephone facsimile advertisement, (iii) sent by, or on behalf of, Calls After Hours, (iv) for whom Calls After Hours did not have a record of prior express consent to send the facsimile advertisements at the time they were sent, (v) where such facsimile advertisement failed to contain the required opt-out notice.

## Plaintiff Has Met the Prerequisites for Class Certification Under Federal Rule 23(a)

### Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[N]o strict numerical test exists," and the exact number of class members need not be pleaded or proved." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012); *Golden v. City of Columbus*, 404 F.3d 950, 965-66 (6th Cir. 2005). In general terms, the Sixth Circuit has held a class of 35 was sufficiently large to merit certification. *See Afro Am. Patrolmen's League v. Duck*, 503 F.2d 294 (6th Cir. 1974); *See also Siding and Insulation Co. v. Alco Vending, Inc.*, No. 1:11-cv-1060, 2017 WL 3686552 at *8 (N.D. Ohio Aug. 25, 2017) (Lioi, J.) (Finding that in a TCPA junk fax case, "Generally, the numerosity requirement is fulfilled when the number of class members exceeds forty.") (quotation omitted).

The Court finds that there are likely hundreds of class members. *See* Complaint [D.E. 1] ¶ 26.

### Commonality

The commonality requirement ensures that class certification is predicated on "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). There need be only "a single issue common to all members of the class." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir.

1996). This requirement is less demanding than Rule 23(b)(3) "predominance." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1997). Commonality is generally met where a defendant has engaged in standardized conduct across the class. *Id.* Other courts in this District routinely find the commonality requirement satisfied in TCPA actions when the class consists of recipients of fax advertisements. *See, e.g., Siding and Insulation Co. v. Beachwood Hair Clinic, Inc.*, 279 F.R.D. 442, 444-45 (N.D. Ohio 2012) (Gwin, J.)

The Court finds that the entire case revolves around an alleged common course of telemarketing that resulted in the same injury to Plaintiff and Class members. The common questions for the Class therefore include: how Defendant gathered, compiled, or obtained the fax numbers of Plaintiff and the No Consent Class; whether Defendant sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior express consent to do so; whether Defendant's faxes complied with the opt-out notice requirements of 47 U.S.C. § 227(b)(1)(C)(iii), and the regulations promulgated thereunder; and whether Defendant's conduct was willful such that Plaintiff and the class members are entitled to treble damages. Complaint ¶ 28.

### Typicality

Typicality requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3); *In re Am. Med. Sys.*, 75 F.3d at 1082. Representative claims are 'typical' if each class member's claims are based on the same facts and legal theory. *Sandusky Wellness Ctr., LLC v. Wagner Wellness, Inc.*, No. 3:12 CV 2257, 2014 WL 6750690 at *6, (N.D. Ohio Dec. 1, 2014) (Katz, J.) *Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*, No. 10-10620, 2010 WL 5439737 (E.D. Mich. Dec. 27, 2010) ("The facts before the Court show that each class member received the same fax. Each

member's claim is based on the same legal theory as Plaintiff's. Plaintiff's claims are typical of

the other class members' claims.")

The Court finds that Plaintiff satisfies the typicality requirement because she received the

same unsolicited, facsimile message sent by, or on behalf of, Defendant as the other members of

the Classes. Complaint ¶¶ 32-46.

### Adequacy

The adequacy element of Rule 23(a)(4) requires that Plaintiff and her counsel be able to

"fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy

requires "(1) the representative must have common interest with unnamed members of the class,

and (2) it must appear that the representatives will vigorously prosecute the interest of the class

through qualified counsel." *In re Am. Med. Sys.*, 75 F.3d at 1083.

The Court finds that Plaintiff has no interests antagonistic to those of the Classes, and

Defendant has no defenses unique to Plaintiff. Complaint ¶ 29. Plaintiff and her counsel have

demonstrated that they are committed to vigorously prosecuting this action on behalf of the

members of the Classes, and have the financial resources to do so.

### Plaintiff Has Met the Prerequisites for Class Certification Under Federal Rule 23(b)

### Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently

cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623-24 (predominance

criterion is "far more demanding" than Rule 23(a)'s commonality requirement). Predominance is

easily satisfied in TCPA fax class actions where "common questions are at the heart of th[e]

litigation," namely, "whether Defendants violated the TCPA by sending the faxes with the

improper 'opt-out' information to every class member." *Wagner Wellness*, 2014 WL 6750690, at *6; *Siding & Insulation Co.*, 2012 WL 1425093, at *5.

The Court finds that the predominance requirement is satisfied because the common questions of law and fact relevant to the Classes' TCPA claim have common answers for the Classes, including specifically the question of whether the facsimiles sent by, or on behalf of, Defendant were made without consent, and whether they contained the necessary opt-out language. Complaint ¶ 28.

### Superiority

The superiority analysis focuses on the efficiency of instituting a class action. Fed. R. Civ. P. 23(b)(3)(a)-(d). Plaintiff contends that a class action is superior to separate actions for each member of the putative Classes. Citing the factors identified by Rule 23(b)(3), Plaintiff claims that the class action vehicle provides the most efficient, effective, and economic means of settling the controversy. In *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 545 (6th Cir. 2012), the Sixth Circuit held, "Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device."

The Court finds that class treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Defendant has acted, or refused to act, on grounds generally applicable to the Classes. Complaint ¶ 31. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as whole, not on facts or law applicable only to Plaintiff. *Id.* Additionally, the damages suffered by individual members of the Classes will

likely be small relative to the burden and expense of individual prosecution of the litigation necessitated by Defendant's actions. *Id.*

### CONCLUSION

Based on these findings, the Court conditionally certifies the No Consent and Opt-Out Classes defined above, and appoints Plaintiff Sherelynn Lehman as Class representative and Adam T. Savett and Savett Law Offices LLC as Class Counsel. Plaintiff is directed seek to obtain evidence sufficient to (1) identify members of the Classes for purposes of effectuating class notice and (2) determine Classwide and per Class member damages prior to the entry of final judgment. Plaintiff is ordered to submit a motion for final certification or status report regarding her discovery efforts within 90 days of the date of this order.

**IT IS SO ORDERED.**

DATE: 8/16/2019

/s/ Solomon Oliver, Jr.

Hon. Solomon Oliver, Jr.
United States District Judge